841 F.2d 48
 William HATHAWAY, Plaintiff-Appellant,
v.
Thomas A. COUGHLIN, Commissioner, E.W. Jones, Superintendent
of the Great Meadow Correctional Facility, and Dr.
Foote at Comstock, New York, Defendants-Appellees.
 No. 72, Docket 86-2331.
 United States Court of Appeals,
Second Circuit.
 Submitted Nov. 17, 1987.
Decided March 9, 1988.
 
 William Hathaway, pro se.
 Robert Abrams, Atty. Gen. of the State of New York, Albany, N.Y. (Peter H. Schiff, Deputy Sol. Gen., William J. Kogan, Asst. Sol. Gen., Lew A. Millenbach, Asst. Atty. Gen., of counsel), for defendants-appellees.
 Before LUMBARD, KEARSE and ALTIMARI, Circuit Judges.
 LUMBARD, Circuit Judge:
 
 
 1
 William Hathaway, pro se, appeals from an order of the United States District Court for the Northern District of New York, Neal P. McCurn, Judge, that granted appellees' motion for summary judgment and dismissed Hathaway's complaint. His complaint alleged, under 42 U.S.C. Sec. 1983, that the appellees unconstitutionally denied him necessary medical care while he was an inmate in a New York State correctional facility by denying him treatment for a hip condition for over a year beginning on July 10, 1981. Finding that the record discloses unresolved issues of fact, concerning whether he was intentionally denied necessary medical care, we reverse and remand for further proceedings.
 
 I.
 
 2
 Hathaway is currently an inmate at Sing Sing Correctional Facility in Ossining, New York. From the record, it appears that he was an inmate at the Great Meadow Correctional Facility in Comstock, New York, at all times relevant to this action. His complaint, brought under 42 U.S.C. Sec. 1983, alleges that the appellees unconstitutionally deprived him of necessary medical care by denying him treatment for a hip condition for over a year beginning on July 10, 1981.
 
 
 3
 Hathaway alleges that he first began to complain of hip pain in June, 1981. He went to the prison clinic at the Great Meadow Facility and was treated by Dr. Foote who prescribed pain medication for his condition. Apparently still suffering with hip pain, Hathaway was taken to a local hospital in July 1981; x-rays taken at the hospital showed that two metal bone pins, which had been inserted in his hip in an earlier surgical procedure, had broken. Hathaway contends that his pain continued through August 1982. His specific allegation of denial of medical treatment is that on August 19, 1982 he requested of Gerald Wojewodzic, a corrections officer at Great Meadow, that he be taken to the hospital clinic because of his hip pain. Wojewodzic was informed by prison officials that only emergencies would be handled by the clinic that day and that there would be no general sick call until the next day. As a result of this incident, Hathaway filed a grievance with E.W. Jones, superintendent of the Great Meadow Facility. Ultimately, Hathaway was re-evaluated for surgery in January and February, 1983; he underwent corrective surgery on October 13, 1983.
 
 
 4
 In his complaint, Hathaway named as defendants Thomas A. Coughlin, Commissioner of the Department of Correctional Services, E.W. Jones, and Dr. Foote, all of whom are appellees in this case. The defendants moved for summary judgment pursuant to Fed.R.Civ.P. 56 on the basis that Hathaway's complaint alleged no genuine issues of fact because he had received and continues to receive adequate medical care and because, even if he had been deprived of care, neither Coughlin nor Jones was personally involved in the denial.
 
 
 5
 The case was referred to Magistrate Edward M. Conan by Judge Edmund Port of the Northern District of New York. In his report Magistrate Conan recommended the denial of appellees' motion for summary judgment with respect to Hathaway's claim that he had been denied medical treatment because Hathaway made a claim of intentional efforts by state officials to delay medical care, and, on a motion for summary judgment, the "court is not in a position to resolve factual questions as to the quality of medical care provided to the plaintiff." Second, he recommended granting summary judgment as to Coughlin because he found that Hathaway had made no allegation that Coughlin had any personal involvement in any denial of medical care to Hathaway. Third, he recommended that appellees' motion for summary judgment regarding the claim that Jones had no personal involvement be denied because he found sufficient allegations of personal involvement on the part of Jones.
 
 
 6
 In reviewing Magistrate Conan's findings, Judge McCurn disagreed with the Magistrate's interpretation of Hathaway's complaint. Judge McCurn apparently believed that the Magistrate viewed Hathaway's claim as an allegation that his hip operation was delayed for two years. Judge McCurn interpreted Hathaway's claim as an allegation that he had been denied medical attention since July 10, 1981. After reviewing documents submitted by the appellees in support of their motion, Judge McCurn concluded that Hathaway's medical record did not support "a potential finding of 'deliberate indifference to serious medical needs' within the purview of Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) even after construing the facts in a light most favorable to [Hathaway]." As a consequence, he granted the appellees' motion for summary judgment. Because the court granted this motion on the basis that Hathaway failed to make out a claim of deliberate indifference to his medical needs, Judge McCurn did not reach the issue of the personal involvement of any of the defendants in the denial of medical care to Hathaway.
 
 II.
 
 7
 We disagree with the district court's decision to grant the appellees' motion for summary judgment.[1] On a motion for summary judgment, the district court must " 'resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought, [citation omitted], with the burden on the moving party to demonstrate the absence of any material fact genuinely in dispute.' " Schiess-Froriep Corp. v. S.S. Finnsailor, 574 F.2d 123, 126 (2d Cir.1978) (quoting Heyman v. Commerce and Industry Insurance Co., 524 F.2d 1317, 1320 (2d Cir.1975)). Our review of the record demonstrates that the district court did not apply this standard correctly.
 
 
 8
 To establish an unconstitutional denial of medical care, it is enough for the prisoner to show deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. at 104-05, 97 S.Ct. at 291-92; see also Archer v. Dutcher, 733 F.2d 14, 16-17 (2d Cir.1984) (a prisoner must allege that he was intentionally denied needed medical care over a period of time by prison officials, while he was in extreme pain, or that medical care was completely withheld).
 
 
 9
 In Archer v. Dutcher, supra, faced with allegations similar to those at bar, we found that
 
 
 10
 [i]t appears from the affidavits filed by appellees that [the appellant]'s case may well be without merit [because] ... appellant received extensive medical attention, and the records maintained by the prison officials and hospital do substantiate the conclusion that appellees provided [appellant] with comprehensive, if not doting, health care. Nonetheless, Archer's affidavit in opposition to the motion for summary judgment does raise material factual disputes, irrespective of their likely resolution.
 
 
 11
 Id. at 16. We found that accepting appellees' arguments and granting summary judgment to the appellees "would require us to make factual findings were we to accept them. This is not our role, nor was it appropriate for [the district court] to make such findings in granting a motion for summary judgment." Id. at 17.
 
 
 12
 Applying Archer's reasoning to this case, we believe that Magistrate Conan applied the appropriate standard in his order and recommendation. Hathaway's affidavit in opposition to appellees' motion for summary judgment alleged that a delay of over two years in arranging surgery to correct the broken pins in his hip amounted to deliberate indifference to his serious medical needs. We believe this is a sufficient allegation to survive a motion for summary judgment under Archer because it raises a factual dispute as to whether the appellees showed deliberate indifference to Hathaway's serious medical needs in the period after July 10, 1981. We therefore disagree with the district court's conclusion that summary judgment was appropriate.
 
 
 13
 Reversed and remanded for further proceedings consistent with this opinion.
 
 
 
 [1]
 On appeal, Hathaway claims that he was denied procedural due process because he was denied the time allotted to reply to the district court's order under Fed.R.Civ.P. 12(a). We do not agree; Rule 12(a) is inapplicable because it only pertains to the time allowed a plaintiff to reply to a counterclaim