**Martin BANKS, Plaintiff,**

v.

**Thomas MANNOIA, Correction Counselor; Joseph A. Pranzencia, FRP Coordinator; C.O. Nutthall; Louis Mann, Superintendent; Thomas Coughlin III, Commissioner, Defendants.**

No. 93–CV–294.

United States District Court, N.D. New York.

June 23, 1995.

Martin Banks, Dannemora, NY, pro se.

Dennis Vacco, Atty. Gen., Alan S. Kaufman, Asst. Atty. Gen., State of N.Y., Albany, NY, for defendants.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

Plaintiff Martin Banks brought this suit against the above captioned defendants under title 42 U.S.C. section 1983, alleging violations of his First, Eighth, and Fourteenth Amendment constitutional rights. Specifically, Plaintiff alleges that the defendants 1) violated his constitutional rights by denying him a safe environment in which to enjoy conjugal visits with his family, 2) exhibited deliberate indifference to his medical needs during this visit, and 3) violated his constitutional rights by transferring him to another correctional facility in retaliation for filing a negligence suit in the State Court of Claims.

This matter was referred to Magistrate Judge Gustave DiBianco pursuant to a Standing Order dated August 2, 1985. Plaintiff seeks injunctive, compensatory, and punitive damages. Defendants filed a motion to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, and for summary judgment pursuant to Fed.R.Civ.P. 56.

After considering the motions, the magistrate issued a report recommendation, dated November 7, 1994, in which he recommended 1) that defendant's motion for summary judgment be granted, 2) the plaintiff's complaint be dismissed as to all defendants and 3) plaintiff's request for dismissal of counsel be denied. Plaintiff subsequently filed his objections to the report-recommendation. The court herein addresses the objections raised by the plaintiff to the magistrate judge's Report–Recommendation.

## I. Discussion

### A. Summary Judgment

Under Fed.R. of Civ.P. 56(e), Summary Judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Under Rule 56, summary judgment provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried. Wright, Miller, & Kane, *Federal Practice and Procedure,* Civil 2d section 2712, p. 569. Thus, the rule may be utilized to separate formal from substantial issues, eliminate improper assertions, determine what, if any, issues of fact are present for the jury to determine, and make it possible for the court to render a judgment on the law when no disputed facts are found to exist. *Id.*

■ A motion for summary judgment may be granted when the moving party carries its burden of showing that no triable issues of fact exist. *Thompson v. Gjivoje,* 896 F.2d 716, 720 (2d Cir.1990). In light of this burden, any inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party. *Id.; see also, United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). Once the moving party has met its burden, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushi-*

*ta Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). A dispute regarding a material fact is genuine "if evidence is such that a reasonable jury could return a verdict for the non-moving party" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). When reasonable minds could not differ as to the import of the evidence, then summary judgment is proper. *See, Id.* at 250–251, 106 S.Ct. 2505, 2510. Once the movant for summary judgment has established a prima facie case demonstrating the absence of a genuine issue of material fact, the non-moving party must come forward with enough evidence so as to allow a rational trier of fact to find for the non-moving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). The motion will not be defeated by a non-movant who raises merely a "metaphysical doubt" concerning the facts or who offers only conjecture or surmise. *Id.*

■ Furthermore, the non-moving party who seeks additional time for discovery in aid of his opposition to the motion for summary judgment must file an affidavit detailing such a request. *Hudson River Sloop Clearwater, Inc. v. Department of the Navy,* 891 F.2d 414 (2d Cir.1989). In order for this affidavit for more discovery time to be sufficient, it: 1) must include the nature of the uncompleted discovery, 2) show how the facts sought are reasonably expected to create genuine issues of material fact, 3) detail what efforts the affiant has made to obtain those facts, and 4) explain why those efforts were unsuccessful. Fed.R.Civ.Proc. 56(f), 28 U.S.C.; *Paddington Partners v. Bouchard,* 34 F.3d 1132 (2d Cir.1994); *and Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 926 (2d Cir.1985). Since plaintiff has not submitted any affidavits for additional discovery and has, in fact, produced only conclusory allegations as to his need for further discovery, his objection may not serve to defeat summary judgment. Although Rule 56 allows courts to consider depositions, answers to interrogatories, and admissions on file in ruling on summary

judgment motions, it does not require that discovery take place before a motion for summary judgment may be considered. Fed. R.Civ.Proc. 56(c), 28 U.S.C.; and *Mills v. Damson Oil Corp.*, 931 F.2d 346, 350 (5th Cir.1991); *Paul Kadair, Inc. v. Sony Corp.*, 694 F.2d 1017 (5th Cir.1983); *Walker v. United States Environmental Protection Agency*, 802 F.Supp. 1568 (D.C.Tex.1992). Indeed, summary judgment can and often should be granted without discovery. *Id.*

**B. The Civil Rights Claims under section 1983.**

**1. Medical Assistance/Negligence Claim**

■ To state a claim under Title 42, section 1983, plaintiff must show that officials were 1) acting under color of state law, 2) that their actions deprived plaintiff of a right guaranteed by the constitution or the laws of the united States (*see, Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981), and 3) that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff. *Martinez v. California*, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980). Thus, an allegation of a wrong which might prove sufficient to state a cause of action under state law does not automatically rise to the level of a constitutional deprivation simply because a defendant is the state or an agent of the state. *Daniels v. Williams*, 474 U.S. 327, 333, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986) (due process protections are not triggered by lack of due care by state officials); *Davidson v. Cannon*, 474 U.S. 344, 347–348, 106 S.Ct. 668, 670–671, 88 L.Ed.2d 677 (1986) (although negligence of a prison official led to prisoner's injury, constitution requires no procedure to compensate injury arising from negligence); *Estelle v. Gamble*, 429 U.S. 97, 105–106, 97 S.Ct. 285, 291–292, 50 L.Ed.2d 251 (1976) (medical malpractice does not become a constitutional violation merely because the victim is a prisoner).

■ Under section 1983, the standard for determining if there has been an unconstitutional denial of medical care is whether there has been a deliberate indifference to prisoner's serious medical need, illness, injury, or right to privacy. *Estelle v. Gamble*, 429 U.S. at 97, 97 S.Ct. at 285; *and Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.1991); *Hathaway v. Coughlin*, 841 F.2d 48 (2d Cir.1988). Deliberate indifference to serious medical needs of prisoners was defined by the Supreme Court as that which "constitutes the unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), *citing Gregg v. Georgia*, 428 U.S. 153, 182, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976). Under the *Estelle* standard, this can be demonstrated by "prison guards intentionally denying or delaying access to medical care ..." *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. at 291.

### i. deliberate indifference

In assessing whether a party is guilty of deliberate indifference under a due process analysis or under the Eighth Amendment, a pattern of omissions may permit the inference of such deliberate indifference for plaintiff's welfare. *Doe v. New York City Dep't of Social Services*, 649 F.2d 134, 143–145 (2d Cir.1981). Likewise, while a single instance of medical care denied or delayed, viewed in isolation, may appear to be the product of mere negligence, repeated examples of such treatment establish deliberate indifference by prison officials "to the agony engendered by the haphazard and ill conceived procedures". *Todaro v. Ward*, 565 F.2d 48, 52 (2d Cir.1977). Thus, while one isolated failure to provide medical treatment to a prisoner, without more, is ordinarily not actionable, such action may rise to the level of constitutional violation if surrounding circumstances suggest a degree of deliberateness, rather than in advertence, in failure to render meaningful treatment. *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir.1987), *Brown v. Coughlin*, 758 F.Supp. 876 (S.D.N.Y.1991).

■ In this case, plaintiff has not demonstrated any basis upon which the court could infer that the alleged delay in treatment was anything more than simple negligence, assuming the defendants' actions rose to even that level of liability. Indeed, assuming Plaintiff's allegations to be true, plaintiff has not proffered any basis which would establish

that Correctional Officer Nutthall's failure to respond to plaintiff's request for medical attention was anything more than mere inadvertence. Plaintiff's medical claim in this case alleges only a negligent deprivation of plaintiff's life, liberty, or property by these state defendants and even if true his claiming could not establish any intentional denial or delay of plaintiff's medical care nor any pattern of such denial or delay. *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. at 291. To state a viable section 1983 claim, however, plaintiff is required to allege an underlying violation of his due process rights, beyond mere negligent deprivation. *Bryant v. Maffucci*, 923 F.2d at 985: This he has NOT done.

It follows then that since, construing the complaint and papers liberally, defendant's claims establish at most a cause of action sounding in negligence, summary judgment for the defendants is appropriate. *See, Estelle*, 429 U.S. at 107, 97 S.Ct. at 292.

### ii. Serious medical need

The court notes also that plaintiff made no further effort to obtain medical assistance after his single request to C.O. Nutthall. This failure to persist for the next one and-one-half days belies his claim for deliberate indifference of serious medical need. *Salazar v. City of Chicago*, 940 F.2d 233 (7th Cir.1991). Plaintiff has failed to demonstrate that this alleged indifference must be to a "serious medical need". *Estelle*, 429 U.S. at 104, 97 S.Ct. at 291. Banks' complaint of injury does not meet this standard. The serious medical need requirement contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain. *See, Archer v. Dutcher*, 733 F.2d 14, 16–17 (2d Cir.1984) ("extreme pain"); *Todaro v. Ward*, 565 F.2d 48, 52 (2d Cir.1977) ("physical torture and lingering death"). The types of conditions which have been held to meet the constitutional standard of serious medical need include a brain tumor, *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); broken hip, *Hathaway v. Coughlin*, 841 F.2d 48 (2d Cir.1988); premature return to prison after surgery, *Kelsey v. Ewing*, 652 F.2d 4 (8th Cir.1981); diabetes requiring special diet, *Johnson v. Harris*, 479 F.Supp. 333 (S.D.N.Y.1979); a bleeding ulcer, *Massey v. Hutto*, 545 F.2d 45 (8th Cir. 1976); and loss of ear, *Williams v. Vincent*, 508 F.2d 541 (2d Cir.1974) (claim stated against doctor who threw away prisoner's ear and stitched up the stump).

Far from evoking the foregoing serious medical problems, Banks' injury is more analogous to those conditions that have been held to fall short of the constitutional standard, such as a broken pin setting an injured shoulder, *Wood v. Housewright*, 900 F.2d 1332 (9th Cir.1990); a mild concussion and broken jaw, *Jones v. Lewis*, 874 F.2d 1125 (6th Cir.1989); cold symptoms, *Gibson v. McEvers*, 631 F.2d 95 (7th Cir.1980); headaches, *Dickson v. Colman*, 569 F.2d 1310 (5th Cir.1978); a broken finger, *Rodriguez v. Joyce*, 693 F.Supp. 1250 (D.Me.1988); toothache, *Tyler v. Rapone*, 603 F.Supp. 268 (E.D.Pa.1984); or "bowel problems", *Glasper v. Wilson*, 559 F.Supp. 13 (W.D.N.Y.1982). As such, any constitutional claim of denial of medical care under section 1983 should be properly dismissed. In short, Plaintiff's proper recovery, if any, lies in a state tort negligence claim.

### 2. Retaliation Claim

▆ It is well established that officials may not transfer a prisoner solely in retaliation for the exercise of constitutional rights. *Meriwether v. Coughlin*, 879 F.2d 1037, 1046 (2d Cir.1989). Thus, a claim for relief may be stated under section 1983 if otherwise routine administrative decisions are made in retaliation for the exercise of constitutionally protected rights. *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir.1986). It is also well established that in order for plaintiff to maintain a retaliation claim, the plaintiff must prove that the alleged wrong would not have been taken but for the exercise of his constitutional rights. *Haymes v. Montanye*, 547 F.2d 188, 191 (2d Cir.1976) *and Jones v. Coughlin*, 696 F.Supp. 916, 920 (S.D.N.Y. 1988); *Hilliard v. Scully*, 648 F.Supp. 1479 (S.D.N.Y.1986). Plaintiff's burden must be carried in the context of correctional officials' broad discretionary power and in the absence of any protected liberty interest in remaining at a particular facility. *Sher v. Coughlin*, 739 F.2d 77, 80 (2d Cir.1984), and *see, Montanye v. Haymes*, 427 U.S. 236, 243, 96 S.Ct. 2543,

2547, 49 L.Ed.2d 466 (1976); *Hasan Jamal Abdul Majid v. Henderson,* 533 F.Supp. 1257 (N.D.N.Y.1982) *affr'd* 714 F.2d 115 (1983), (Correction officials have broad discretion to order the transfer of an inmate).

 Plaintiff claims that his transfer to Clinton Correctional Facility was based upon retaliation for filing a state tort negligence action. This contention, however, is insupportable on these facts. Plaintiff's first transfer interview occurred on August 27, 1991. Plaintiff first indicated his intention to file suit on September 12, 1991, more than two weeks after the first transfer interview. Plaintiff then notified the New York Court of Claims on September 18, 1991, that he did not intend to pursue his suit. It was not until February 14, 1992 that plaintiff actually filed his state claim. It follows then, that the transfer process was initiated *prior* to the filing of any legal action by the plaintiff.

The court must exercise caution in reviewing such claims, because contentions that particular administrative decisions have been made for retaliatory purposes are prone to abuse. *Flaherty v. Coughlin,* 713 F.2d 10, 13 (2d Cir.1983). The Second Circuit has recognized the possibility for abuse in these claims and has called for a high level of scrutiny of such claims. Indeed, the Second Circuit has held that "a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone". *Gill v. Mooney,* 824 F.2d 192, 195 (2d Cir.1987) *citing Flaherty v. Coughlin,* 713 F.2d 10, 13 (2d Cir.1983).

In light of the Magistrate Judge's conclusion that Correction Counselor Mannoia commenced transfer proceedings before plaintiff initiated his claims, therefore precluding an inference of retaliatory motive, and because plaintiff's retaliatory claims are in wholly conclusory terms, Plaintiff's claim of retaliatory transfer must also be dismissed.

## II. Conclusion

After full consideration of Magistrate Judge DiBianco's Report–Recommendation and plaintiff's objections thereto, the court finds that the Magistrate Judge properly recommended summary judgment dismissing plaintiff's cause of action. Notwithstanding plaintiff's well-drafted objections in opposition, the court adopts the Magistrate Judge's Report–Recommendation dated November 7, 1994, for the reasons stated therein. Plaintiff's objections are hereby denied and his cause of action is DISMISSED.

**IT IS SO ORDERED.**