101 F.3d 107
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Jonathan JOHNSON, Plaintiff-Appellant,
v.
C.O. McALINN, C.O. Carey, and C.O. Staviski, Defendants-Appellees.
Nurse MILES, Defendant.
 No. 95-2122.
 United States Court of Appeals, Second Circuit.
 March 8, 1996.
 
 1
 Appearing for Appellant: Johnathan Johnson, pro se, Comstock, New York.
 
 
 2
 Appearing for Appellees: Peter G. Crary, Assistant Attorney General, Albany, New York.
 
 
 3
 W.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York and was submitted.
 
 
 6
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 7
 Johnathan Johnson, pro se, in forma pauperis, and incarcerated, appeals from an adverse verdict after a jury trial before Judge Elfvin. Johnson also appeals from an earlier decision by the district court granting summary judgment to Miles McNett, the "nurse Miles" specified in Johnson's complaint.
 
 
 8
 On January 31, 1990, Johnson, currently incarcerated at Great Meadow Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983, naming as defendants correctional officers McAlinn, Carey, and Staviski and "nurse Miles." The complaint alleged that on January 5, 1990, McNett refused to give Johnson medical attention after he was assaulted by McAlinn, Carey, Staviski and a fourth unidentified officer. Johnson requested monetary damages and an "injunction ... against ongoing abuse by these officers." After a grant of summary judgment to McNett, Johnson's claim went to trial, with Johnson represented by assigned counsel. The jury found itself unable to reach a verdict, and the district court declared a mistrial. On February 18, 1994, the case proceeded to trial a second time. Johnson continued to be represented by counsel through jury selection, but on February 23, 1994, while the trial was still pending, the court relieved counsel from his pro bono assignment. Johnson continued the trial pro se. At the conclusion of the trial, the jury found for the defendants.
 
 
 9
 On appeal, Johnson argues that: (i) the district court abused its discretion in not appointing new counsel to represent him at trial; (ii) the jury's verdict was against the weight of the evidence; (iii) the district court abused its discretion by dismissing a black male juror; and (iv) the district court erred in granting summary judgment to McNett. We find no merit in these arguments.
 
 
 10
 With regard to Johnson's argument that the district court should have appointed new counsel, we note that, according to the trial minutes, Johnson did not object to his counsel's withdrawal and did not request new counsel. Having chosen to proceed pro se, Johnson cannot challenge the verdict on that ground. Cf. Faretta v. California, 422 U.S. 806, 834 (1975) (defendants have a constitutional right to proceed pro se ).
 
 
 11
 We turn next to Johnson's insufficiency claim. A jury verdict cannot be disturbed on appeal unless the court can say, without considering the credibility of a witness or otherwise considering the weight of the evidence, that the only result a reasonable fact finder could reach is one in favor of appellant. Carvel Corp. v. Diversified Management Group, Inc., 930 F.2d 228, 232 (2d Cir.1991). Johnson provides no basis for his contention that the verdict was against the weight of the evidence.
 
 
 12
 Johnson also urges this court to overturn the district court's finding that the defense attorney lacked discriminatory intent in using a peremptory challenge to dismiss a black male juror. This court gives "great deference" to a district court's "decision on the factual question of discriminatory animus." Brown v. Kelly, 973 F.2d 116, 119 (2d Cir.1992), cert. denied, 506 U.S. 1084 (1993). With regard to the juror in question, the record reflects that the district court as well as the defense had reservations about the particular juror's suitability. In light of the "absence of any evidence casting doubt on the district court's ability to make the required findings as to the [defense counsel's] intent," Brown, 973 F.2d at 122, Judge Elfvin's findings were not clearly erroneous.
 
 
 13
 Finally, we consider Johnson's contention that the district court erred in granting summary judgment to defendant McNett. A grant of summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Allegations that prison officials were deliberately indifferent to a prisoner's serious medical needs state a claim under the Eighth Amendment and § 1983. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). We have noted, however, that a plaintiff-inmate's conclusory allegations are insufficient "to defeat a well-supported motion for summary judgment." Francis v. Coughlin, 891 F.2d 43, 47 (2d Cir.1989). In the instant case, defendants submitted affidavits and medical records indicating that McNett examined Johnson immediately following the incident, that he ordered precautionary x-rays, that he offered Johnson pain relievers and that a doctor later confirmed that no treatment was necessary. Johnson offers only conclusory allegations in rebuttal. Under the circumstances, Johnson has demonstrated neither the undue delay nor the egregious misconduct required to suggest the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. Estelle, 429 U.S. at 104; see, e.g., Liscio v. Warren, 901 F.2d 274, 277 (2d Cir.1990) (failure to examine inmate with life-threatening condition for three days may constitute deliberate indifference); Hathaway v. Coughlin, 841 F.2d 48, 50-51 (2d Cir.1988) (two year delay in arranging hip surgery may evidence deliberate indifference).
 
 
 14
 We therefore affirm.