13-4428-pr
*Dotson v. Fischer*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand fifteen.

PRESENT:

        ROBERT D. SACK,
        BARRINGTON D. PARKER,
        SUSAN L. CARNEY,

                *Circuit Judges.*

_____

TYRONE DOTSON,

        *Plaintiff-Appellant,*

        v.                                    No. 13-4428-pr

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, DR. CARL J. KOENIGSMANN, DEPUTY COMMISSIONER AND CHIEF MEDICAL OFFICER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, DR. EILEEN DINISIO, REGIONAL MEDICAL DIRECTOR, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, DR. BEVERLY PRINCE, ERIE COUNTY MEDICAL CENTER, DALE ARTUS, SUPERINTENDENT, WENDE CORRECTIONAL FACILITY, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY

SUPERVISION, ROSALYN KILLINGER, DEPUTY SUPERINTENDENT FOR HEALTH SERVICES, WENDE CORRECTIONAL FACILITY, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, THOMAS STICHT, DEPUTY SUPERINTENDENT FOR SECURITY SERVICES, WENDE CORRECTIONAL FACILITY, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, DR. JACQUELINE LEVITTE, FACILITY HEALTH SERVICES DIRECTOR, WENDE CORRECTIONAL FACILITY, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION,

*Defendants.*\*

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | BRYAN J. WEGRZYN (Ross E. Morrison, *on the brief*), BuckleySandler LLP, New York, NY. |
| FOR THE ATTORNEY GENERAL OF NEW YORK AS AMICUS CURIAE: | Andrew Ayers and Kate H. Nepveu, Assistant Solicitors General, and Barbara D. Underwood, Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 5, 2013 judgment of the District Court is **VACATED** and the cause is **REMANDED** for further proceedings consistent with this order.

---

\* The Clerk of Court is respectfully directed to amend the official caption in this case to conform to the above.

Plaintiff Tyrone Dotson brings claims under 42 U.S.C. § 1983 for alleged violations of his First and Eighth Amendment rights during his incarceration at the state-run Wende Correctional Facility in Alden, New York. He alleges that he was deliberately denied adequate medical treatment by prison officials and was retaliated against for making related complaints. Acting *sua sponte*, the District Court dismissed his *pro se* complaint and amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to vacate and remand.[1]

Dotson challenges the District Court's dismissal of his Eighth Amendment claims against Drs. Dinisio, Koenigsmann, and Prince, and of his First Amendment claim against Sticht. Dotson alleges that Drs. Dinisio and Koenigsmann, each of whom had supervisory authority over inmates' medical care, violated the Eighth Amendment by denying an urgent recommendation that he receive surgery to remove a cyst in his left ear, delaying the surgery for one year and prolonging his severe symptoms. He asserts that Dr. Prince provided unconstitutionally inadequate medical care in connection with the surgery that she performed on his left ear. Finally, he claims that Sticht, the Deputy Superintendent for Security, violated the First Amendment by imposing on Dotson conditions akin to disciplinary confinement in retaliation for Dotson's repeated filing of grievances. Sticht accomplished this, Dotson alleges, by changing to a "medical keeplock" permit a "feed-in-cell" permit that Dotson was issued for medical reasons.

The District Court (Judge Larimer) reviewed Dotson's initial complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which apply to actions brought by prisoners proceeding *in forma pauperis* and provide for dismissal of a complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted. *See Abbas v. Dixon*, 480

---

[1] Because the District Court dismissed the action before process was served, the defendants listed in the complaint are not parties to this appeal and filed no brief as appellees. At our invitation, however, the Office of the Attorney General of the State of New York filed a brief as *amicus curiae* in support of the position of the state defendants and of one defendant, Dr. Prince, who was a state contractor.

F.3d 636, 639 (2d Cir. 2007). In May 2013, the court dismissed with prejudice the Eighth Amendment count against Dr. Prince for failure to state a claim. It further dismissed without prejudice the claims against Drs. Dinisio and Koenigsmann under the Eighth Amendment and against Sticht under the First Amendment, permitting Dotson to file an amended complaint as to these defendants. Dotson did so, supplementing his original allegations.

On November 5, 2013, the District Court (by then, Judge Arcara) determined—also under §§ 1915(e)(2) and 1915A—that the amended complaint, too, failed to state a claim to relief as to the remaining defendants and entered judgment dismissing the action with prejudice. Dotson timely appealed, and our Court granted Dotson's motions for leave to proceed *in forma pauperis* on appeal and for appointment of counsel.[2]

Now ably counseled, Dotson argues on appeal that the District Court erred in dismissing his constitutional claims against Sticht and Drs. Dinisio, Koenigsmann, and Prince. We review *de novo* a District Court's *sua sponte* dismissal of a complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Giano v. Goord*, 250 F.3d 146, 149-150 (2d Cir. 2001); *see also Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We afford a *pro se* litigant "special solicitude" by interpreting a complaint filed *pro se* "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal alterations and quotation marks omitted).

---

[2] Pro bono counsel Bryan J. Wegrzyn and Ross E. Morrison of BuckleySandler have performed ably in this matter, and the Court appreciates their service, which it hopes may continue on remand. If counsel is disinclined, however, to continue its representation in further proceedings, the District Court should appoint new counsel.

4

Upon considered review, we conclude that the District Court erred by dismissing Dotson's Eighth Amendment claims that Drs. Dinisio and Koenigsmann unconstitutionally denied him medical care. A prisoner pressing such a claim must colorably allege that the defendant acted with deliberate indifference to his serious medical needs. *See Hilton v. Wright*, 673 F.3d 120, 127 (2d Cir. 2012) (per curiam). A "serious medical need" exists where, objectively, "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (internal quotation marks omitted). "Deliberate indifference" requires allegations of the defendants' subjective state of mind: that the prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (internal quotation marks omitted).

The amended complaint plausibly alleges a serious medical need. Dotson alleges that a CAT scan revealed a cyst in his left ear, and that Nurse Practitioner Jennifer Wrest recommended surgery and requested an "urgent" level of attention. App. 41. Over the year following that "urgent" recommendation, while the recommended surgery was delayed, Dotson complained on numerous occasions of "vertigo, blinding headaches, extreme pain in his left ear, and increased hearing loss." *Id.* at 41-42. When the cyst was finally removed, one year later, it was of "significant size." *Id.* at 42. Such allegations of a "condition of urgency" that "may produce . . . extreme pain" satisfy the objective prong of the analysis. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted).

The amended complaint also plausibly alleges that Drs. Dinisio and Koenigsmann acted with sufficiently culpable states of mind to support liability. To satisfy this prong of the deliberate indifference test, a plaintiff must allege only that the defendant was "aware of facts" from which one could infer that "a substantial risk of serious harm" existed, and that the defendant actually drew that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Hilton*, 673 F.3d at 127. Here, Dotson asserts that Drs. Dinisio and Koenigsmann reviewed Wrest's evaluation and recommendation that his condition demanded "urgent" care and rejected it, apparently without causing him to be examined again in person or taking

5

any further step. As noted, their denials are alleged to have delayed Dotson's surgery for one year and resulted in the continuation of severe symptoms. Allegations of delayed medical care may support a finding of deliberate indifference to a serious medical need, *see, e.g.*, *Hathaway v. Coughlin*, 841 F.2d 48, 50-51 (2d Cir. 1988), and allegations that delayed treatment resulted in serious harm may bear on the reasonableness of an inference of a defendant's knowledge of the risks to which he or she subjected the plaintiff, *see Hilton*, 673 F.3d at 127. We believe Dotson's allegations suffice at this early stage of the litigation to state a plausible claim to relief.

We similarly conclude that the District Court erred by dismissing Dotson's Eighth Amendment claim against Dr. Prince for her affirmative acts. Although mere allegations of medical malpractice are generally insufficient to support liability, *see Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976), allegations regarding the provision of medical care may be actionable under the Eighth Amendment when the alleged malpractice involves culpable recklessness, that is, "an act . . . by a prison doctor that evinces a conscious disregard of a substantial risk of serious harm." *Hill*, 657 F.3d at 123 (internal alterations and quotation marks omitted). Here, Dotson alleges that Dr. Prince mismanaged his first surgery by leaving gauze in his ear; that after a second surgery by Dr. Prince, he experienced months of vertigo, "excessive bleeding at the incision, and pain in the eyes," App. 14; and that when he saw Dr. Prince for a follow-up appointment, she admitted that Dotson "now ha[d] a hole in his left ear drum" and that she needed to refer him to someone "more qualified," App. 15. Construing Dotson's *pro se* pleadings, as we must, to raise the strongest arguments they suggest, we rule that Dotson's allegations permit a reasonable inference that Dr. Prince's malpractice rose to a level of culpable recklessness and suffice to state an Eighth Amendment claim.

Finally, we conclude that the District Court improperly dismissed Dotson's First Amendment retaliation claim against Sticht. To state such a claim, an inmate must allege that he engaged in protected conduct and that his conduct was a "substantial or motivating factor" for an adverse action taken by a prison official. *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (internal quotation marks omitted). "[T]emporal proximity of an allegedly

6

retaliatory misbehavior report to a grievance may serve as circumstantial evidence of retaliation." *Gayle v. Gonyea*, 313 F.3d 677, 683 (2d Cir. 2002) (citing *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)). Although Dotson's pleadings on this matter are not a model of clarity, they suggest sufficient temporal proximity between Dotson's complaints of inadequate medical care and Sticht's decision placing Dotson in keeplock to support Dotson's retaliation claim at this pleading stage. With the assistance of counsel, Dotson may replead this claim if he so chooses and the District Court can then reassess its viability.

* * *

We therefore **VACATE** the judgment of the District Court and **REMAND** the cause for further proceedings consistent with this order.[3]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Our vacatur and remand are without prejudice to any motion to dismiss the complaint that defendants may file after they have been served with the amended complaint. We also leave open the possibility that, represented by counsel, Dotson may propose an additional amended complaint appending any relevant medical documents that he has procured.

7