19-198-pr
*Sims v. The City of New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand nineteen.

PRESENT:

> DENNIS JACOBS,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

LEON E. SIMS,

> *Plaintiff-Appellant,*

> v.                                                                 No. 19-198

THE CITY OF NEW YORK; CORIZON HEALTH, INC.;
CORRECTIONAL MEDICAL ASSOCIATES, P.C.,

> *Defendants-Appellees,*

DORA B. SCHRIRO, INDIVIDUALLY AND AS COMMISSIONER
OF THE NEW YORK CITY DEPARTMENT OF CORRECTION,
EVELYN MIRABAL, INDIVIDUALLY AND AS CHIEF OF
DEPARTMENT, CORRECTION OFFICERS "JOHN DOE",
1 AND 2 (THE NAMES JOHN DOE BEING FICTITIOUS,
THE TRUE NAMES BEING UNKNOWN TO PLAINTIFF AT
THIS TIME, "JOHN DOE" 3 AND 4, BELLEVUE HOSPITAL

EMPLOYEES (THE NAMES JOHN DOE BEING FICTITIOUS, THE TRUE NAMES BEING UNKNOWN TO PLAINTIFF AT THIS TIME), THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, C.O. EDDIE FIGUEROA, #4666, FRED OPPONG, VLADIMIR LAGUERRE, CHODAA THINLEY, RICARDO GEORGE, MICHAEL SANTILLA, C.O. PAUL SULLINS, PRISON HEALTH SERVICES, CAPTAIN ODETTA WILLIAMS, #1201 OF THE CITY OF NEW YORK CITY DEPARTMENT OF CORRECTION,

*Defendants.*

_____

FOR PLAINTIFF-APPELLANT:     ROB RICKNER, Rickner PLLC, New York, N.Y; Christopher H. Fitzgerald, The Law Office of Christopher H. Fitzgerald, New York, N.Y.


FOR DEFENDANTS-APPELLEES:     MELANIE T. WEST, (Richard Dearing, Scott Shorr, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on December 18, 2018, is **AFFIRMED**.

Plaintiff-Appellant Leon E. Sims ("Sims") appeals from a judgment of the United States District Court for the Southern District of New York (Torres, *J.*) granting Defendants-Appellees' ("Defendants") motion to dismiss Sims's claim of deliberate indifference to his serious medical needs brought under 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[1] We

---

[1] Sims's complaint brought claims under 42 U.S.C. § 1983; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* The District Court dismissed

assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm the District Court's ruling.

The following facts are taken from Sims's third amended complaint (the "complaint") and the Court accepts them as true for purposes of this appeal. *Crawford v. Cuomo*, 796 F.3d 252, 255 (2d Cir. 2015). Beginning in September 2013, Sims was a pretrial detainee held at the Anna M. Kross Center ("AMKC") on Rikers Island ("Rikers"). Sims alleges that he "suffered from mental illness and required the regular and consistent administration of prescription psychiatric medication to keep his symptoms under control." Joint App'x at 50. From September 2013 through October 2015, Sims contends the New York City Department of Correction ("DOC") staff either failed to administer his prescribed medication to him, "or administered it to him but failed to ensure he would take it." *Id.* at 51. Sims acknowledges that he would "avoid taking medication," explaining that he was in a "paranoid state" and did not "trust[ ] the guards around him." *Id.* He further alleges that DOC staff "failed to provide any therapy or counselling," even though such treatment was "medically necessary given his diagnoses." *Id.*

On three occasions, between September and December 2013, DOC transferred Sims to Bellevue Hospital on an emergency basis for psychiatric care. *Id.* Sims alleges that, upon returning to Rikers at the end of each of these temporary transfers, DOC staff held him in an "intake" area for three to four days, during which time "necessary psychiatric medications . . . were not administered and he was held in a communal room which held more detainees than beds, forcing [him] to sleep on the ground." *Id.* Finally, Sims alleges that, following an October 2015 court appearance with regard to criminal charges pending against him, a judge on the Supreme Court, Criminal Term of New York County ordered that he be returned directly to Kirby Forensic Psychiatric Center ("Kirby Hospital"), rather than to Rikers. Sims alleges, however, that DOC instead returned him to Rikers, where he remained for "almost

Sims's complaint in its entirety. On appeal, Sims seeks to revive only his Section 1983 claim for deliberate indifference to his medical needs.

three weeks" without "adequate monitoring, medication and treatment." *Id.* at 53.[2] Sims currently resides at Kirby Hospital, where, he alleges, he is "given adequate treatment for his mental health condition." *Id.*

We review "*de novo* the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Montero v. City of Yonkers*, 890 F.3d 386, 394 (2d Cir. 2018) (citation omitted).

To sustain a claim for deliberate indifference to serious medical needs, a plaintiff must satisfy, first, "an 'objective prong' showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process," and second, a subjective prong "showing that the [defendants] acted with at least deliberate indifference to the challenged conditions." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).[3]

The District Court determined that Sims's complaint did not sufficiently allege that Defendants deliberately deprived Sims of medical care due to their intentional or reckless conduct. On appeal, Sims contests that conclusion and further argues that he did not have adequate notice that the District Court's grounds for dismissal of his claim would be his failure to plead an underlying constitutional violation for purposes of alleging the City's liability under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (explaining that *Monell* extends liability to a municipal organization when "that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation").

For substantially the same reasons as are set forth by the District Court, we conclude that Sims did not adequately allege a constitutional claim of deliberate indifference to his medical needs. The District Court determined that Sims failed to allege that Defendants were deliberately indifferent to providing Sims his medication—which they regularly provided

---

[2] Sims also alleges that on three separate incidents in November of 2013, "various [DOC] officers were involved in the excessive application of force to [him], despite knowing [his] psychiatric condition." Joint App'x at 52. On appeal, he does not pursue the dismissal of this claim.

[3] Although *Darnell* involved a challenge to conditions of confinement, we have applied that decision's holding to medical deliberate-indifference claims. *See Bruno v. City of Schenectady*, 727 F. App'x 717, 720 (2d Cir. 2018).

4

him, Sims agrees—because they cannot "force the prescribed medications down his throat when he refused to take them." Joint App'x at 216 (brackets omitted). We agree. Sims also alleges that while being processed back into Rikers after his treatment at Bellevue Hospital, he was not administered his medications for a few days at a time and that defendants "willfully ignored [his] mental health needs" in October 2015 by returning him to Rikers, as opposed to taking him Kirby Hospital as directed. Joint App'x at 53. But we cannot say that these allegations alone reflect an "objectively serious deprivation." Joint App'x at 216. Although a delay in providing necessary medical care may in some cases constitute unconstitutional deliberate indifference, such a classification is reserved for when "officials deliberately delayed care as a form of punishment; ignored a 'life-threatening and fast-degenerating' condition for three days; or delayed major surgery for over two years." Joint App'x at 217 (quoting *Demata v. N.Y. State Corr. Dep't of Health Servs.*, 198 F.3d 233 (2d Cir. 1999)(unpublished table decision); *see also Hathaway v. Coughlin*, 841 F.2d 48, 50-51 (2d Cir. 1988) (officials delayed arranging corrective hip surgery for over two years); *Archer v. Dutcher*, 733 F.2d 14, 16-17 (2d Cir. 1984) (officials deliberately delayed care as form of punishment for violations of discipline code or other invalid reasons).

Sims's argument that he did not have adequate notice of the grounds of dismissal at the District Court is also without merit. His opposition papers to Defendants' motion to dismiss, in fact, include several pages in which he argues that he properly alleged a constitutional violation. Finally, "[b]ecause the District Court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct." *Segal*, 459 F.3d at 219. For the same reason, we need not determine whether Sims's complaint sufficiently alleges *Monell* liability.

\* \* \*

We have considered Sims's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court