Patricia **BOWMAN, administrator of the Estate of Robert Earl Johnson, Plaintiff,**

v.

James **CAMPBELL, as Sheriff of the County of Albany; George A. Cuttita, M.D., John Doe and Jane Roe, employees on the medical staff of the Albany County Sheriff's Department and/or the County of Albany whose names and the precise number of whom are not known to plaintiff; Roberta Weisheit; the Estate of Carmine Terraciano, M.D., and the County of Albany, Defendants.**

No. 92–CV–1043.

United States District Court, N.D. New York.

April 29, 1994.

Walter, Thayer & Mishler, Albany, NY, for plaintiff; Mark S. Mishler, of counsel.

Thuillez, Ford, Gold, Albany, NY, for Campbell, Cuttita, John Doe, Jane Roe, Roberta Weisheit, and County of Albany; Dominique Pollara, of counsel.

## MEMORANDUM–DECISION–ORDER

McAVOY, Chief Judge.

**Introduction:**

On March 14, 1994, this court heard oral argument on a summary judgment motion made by the defendants. Via a bench decision, the motion was granted in part, denied in part, and the Court reserved decision with regard to defendants Cuttita, Weisheit, and Terraciano. This memorandum-decision-order constitutes the court's findings as to these defendants. Because this matter was argued previously, familiarity with the facts will be assumed.

**Standard:**

In determining whether summary judgment is warranted, the non-movant's version of the facts must be accepted and all disputed matters resolved in his or her favor. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). All ambiguities and inferences from the underlying facts, must be resolved in favor of the non-moving party. *Levin v. Analysis & Technology, Inc.* 960 F.2d 314, 316 (2d Cir.1992).

The non-moving party's burden to defeat summary judgment "is not overly burdensome when one considers that its evidence need be neither dispositive, nor even persuasive; so long as [the non-moving party] presents some evidence which generates uncertainty as to the true state of any material fact." *New York v. Blank,* 820 F.Supp. 697, 704 (N.D.N.Y.1993), citing, *Beacon Enterprises, Inc v. Menzies,* 715 F.2d 757, 762 (2d Cir.1983). The trial judge is not required to make findings of fact; he must only determine if factual issues exist. *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Additionally, an action, especially under the Civil Rights Act, should not be dismissed unless it appears to a certainty that the plaintiff is not entitled to relief under any set of facts which could be proved in support of her claims. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

**Analysis:**

Within her complaint the plaintiff has asserted a claim under 42 U.S.C. § 1983 alleging that defendants Cuttita, Weisheit and Terraciano were deliberately indifferent to the medical needs of the decedent in violation of his rights secured by the 14th Amendment of the United States Constitution. The plaintiff's claim is premised on the allegation that the above named defendants deviated significantly from the appropriate standard of care for serious asthma patients and that these deviations resulted in Mr. Johnson's death. In support of her claim, the plaintiff offers the testimony of Dr. Alleyne. Dr. Alleyne states in his deposition that the stan-

dard of care in 1989 for asthma patients would "indisputably" include the administering of a "peak flow test" and a theophyline blood level test from which a doctor could determine the severity of a patient's condition. It is the plaintiff's conclusion that the defendants' failure to perform such tests rises to a level sufficient to state a claim under § 1983.

Prior to addressing the merits of the plaintiff's claim, it is important to note that the decedent in this case was a pre-trial detainee and not an inmate of the Albany County Jail. Since the Eighth Amendment does not apply prior to conviction and sentence, *see Johnson v. Glick,* 481 F.2d 1028, 1032 (2d Cir.1973) (Eighth Amendment not applicable to pretrial detainees), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324, (1973), the proper analysis of plaintiff's claims in this case is under the due process clause of the Fourteenth Amendment. *See Lareau v. Manson,* 651 F.2d 96, 102 (2d Cir.1981) (noting that constitutional standard for substantive rights of pretrial detainees in prison is Fourteenth Amendment due process). Nonetheless, it appears that, in this Circuit, the same standards apply under due process protections as under the Eighth Amendment protection from cruel and unusual punishment. *See Johnson v. Glick, supra,* 481 F.2d at 1032 ("[I]t would be absurd to hold that a pre-trial detainee has less constitutional protection ... than one who has been convicted"). Accordingly, the Eighth Amendment standard is applicable in this case.

a. **Nurse Weisheit:**

To establish an unconstitutional deprivation of medical care, a prisoner must demonstrate acts or omissions sufficiently harmful to amount to "deliberate indifference" to "serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251, (1976); *Hathaway v. Coughlin,* 841 F.2d 48, 50 (2d Cir.1988). A plaintiff may demonstrate the deliberate indifference of a prison official by showing that he or she intentionally interfered with prescribed treatment or intentionally denied access to medical care. *Estelle v. Gamble,* 429 U.S. at

104–05, 97 S.Ct. at 291–92; *Todaro v. Ward,* 565 F.2d 48, 52 (2d Cir.1977). Plaintiff has presented no evidence that Nurse Weisheit interfered with or intentionally delayed the treatment prescribed by doctors Cuttita and Terraciano. In fact, the record establishes that the nursing staff saw the decedent and administered medications no less than 18 times over the period of his incarceration. Accordingly, because the plaintiff has failed to allege facts sufficient to infer nurse Weisheit was deliberately indifferent to the medical needs of the decedent, her motion for summary judgment will be granted.

b. **Doctors Cuttita and Terraciano:**

To find a physician liable under 42 U.S.C. § 1983 for deliberate indifference to an inmate's serious medical needs, the conduct alleged must demonstrate an "unnecessary and wanton infliction of pain" or conduct which would be "repugnant to the conscience of mankind." *Estelle v. Gamble,* 429 U.S. at 106, 97 S.Ct. at 292. Errors in professional judgment do not rise to a level of deliberate indifference necessary to recovery under a § 1983 action. *See Gill v. Mooney,* 824 F.2d 192 (2d Cir.1987). Case law is clear that medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *Bryant v. Maffucci,* 923 F.2d 979, 983 (2d Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

The testimony of the plaintiff's expert, Dr. Alleyne, that defendants Cuttita and Terraciano deviated significantly from the appropriate standard of care for serious asthma patients constitutes, at most, a medical malpractice claim which may be cognizable in a state court but not in a federal § 1983 action. Even construed in the light most favorable to the plaintiff, the record does not present facts sufficient for an inference of deliberate indifference. The evidence in this case establishes that Dr. Cuttita and Dr. Terraciano attended to the decedent promptly after he complained of medical problems. During the course of their examinations, the defendants exercised their medical judgment and proscribed the treatment they deemed necessary. As stated previous-

**148**

ly, allegations of negligence in diagnosis or treatment alone, without facts supporting a charge of deliberate indifference, cannot support a claim under § 1983. *Cf. Hathaway v. Coughlin*, 841 F.2d 48 (2d Cir.1988) (delay of over two years in arranging surgery to correct broken pins in hip could amount to deliberate indifference to serious medical needs); *Gill v. Mooney*, 824 F.2d 192, (2d Cir.1987) (plaintiff may have valid claim for relief where medical treatment refused for misconduct unrelated to medical condition or treatment); *Archer v. Dutcher*, 733 F.2d 14 (2d Cir.1984) (summary judgment inappropriate where plaintiff raises issue of material fact regarding possibility that defendants delayed emergency medical aid to cause suffering for obstreperous inmate); *Williams v. Vincent*, 508 F.2d 541, (2d Cir.1974) (colorable claim of deliberate indifference presented where doctors chose treatment of discarding prisoner's ear and stitching stump rather than attempting to save the severed portion).

Accordingly, because the plaintiff has failed to establish facts from which a reasonable jury could infer Dr. Cuttita or Dr. Terraciano acted with deliberate indifference to the decedent's serious medical needs, summary judgment is also appropriate for these defendants.

**Conclusion:**

In sum, the plaintiff has failed to establish facts sufficient to support an inference that defendant Cuttita, Weisheit, or Terraciano acted with deliberate indifference towards the decedent's serious medical concerns. Accordingly, this court is mandated to grant summary judgment as to these defendants.

**IT IS SO ORDERED.**