**Terry Earl Harvey THOMPSON,**
**Plaintiff–Appellant,**

v.

**Richard H. WORCH, Jr.,**
**et al., Defendants,**

**and**

**Marcia STONE, Ms.; Leon Skiles;**
**Chris Bowe; and Connie Moore,**
**Defendants–Appellees.**

No. 99–35542.

D.C. No. CV–97–00725–MA.

United States Court of Appeals,
Ninth Circuit.

---

6. See id.

Submitted March 9, 2001*.

Decided March 13, 2001.

Before T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

■ Plaintiff Terry Earl Harvey Thompson brought this § 1983 action, claiming that Defendants acted with deliberate indifference to his serious medical needs while he was a pretrial detainee, in violation of the Fourteenth Amendment.[1]

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Claims by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment. *Frost v. Agnos,* 152 F.3d

The district court granted summary judgment for Defendants, and we affirm.

 Officers Bowe and Skiles took custody of Plaintiff in Florida and brought him to Oregon. Accepting Plaintiff's allegations as true, Plaintiff complained to the officers during the trip that he was in pain and needed to see a doctor. They told him that he could see a nurse when he arrived in Oregon. Plaintiff had no pain medication with him, he had not taken pain medication recently, and he brought no prescription with him. At most, the officers delayed his receiving pain medication for less than one day, which is insufficient to demonstrate deliberate indifference to a serious medical need. *See Wood v. Housewright,* 900 F.2d 1332, 1335 (9th Cir.1990) (holding that a delay of several days in receiving pain medication for a broken shoulder did not amount to a constitutional violation).

 Nurse Stone saw Plaintiff when the transport officers brought him to a Deschutes County, Oregon, correctional facility. Again taking Plaintiff's allegations as true, Stone noticed that Plaintiff might need medication. She then called the physicians listed on the intake form, instead of calling Plaintiff's Florida doctor. She placed Plaintiff on a list that allowed him to receive ibuprofen on request. Even if Stone knew that Plaintiff had taken more potent pain-killers in the past, she followed the facility's policy requiring her to confirm an inmate's medical history with a doctor, and she followed the facility's policy when she gave him ibuprofen. It is undisputed that Stone conferred with the facility's physician, who approved her treatment for Plaintiff. At most, Stone was negligent in not calling Plaintiff's Florida doctor and in not recognizing early

1124, 1128 (9th Cir.1998). We apply the same standard to a pretrial detainee's claim

symptoms of pneumonia. But there is no evidence that Stone acted with deliberate indifference. *See id.* at 1334 (observing that "mere malpractice, or even gross negligence, does not suffice" to establish a constitutional violation).

 Sergeant Moore, a "health trained officer" at the facility, diagnosed Plaintiff's chest pains as an anxiety attack, when they probably signaled the beginning of pneumonia. It is undisputed that Moore had been informed that Plaintiff was not in need of medical treatment beyond taking ibuprofen and that Moore checked Plaintiff's vital signs. At most, again, Plaintiff has shown negligence or malpractice, but no evidence of deliberate indifference. *See id.* Accordingly, the district court did not err when it granted summary judgment to Stone, Skiles, Bowe, and Moore. Plaintiff does not contest on appeal the summary judgment in favor of several Florida officials.

AFFIRMED.

of deliberate indifference under the Four-

teenth Amendment as we would to a prisoner's claim under the Eighth Amendment. *Id.*

