UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

VIOLET CORTEZ, individually and as
personal representative of the Estate
of Antonio Cortez,
                    *Plaintiff-Appellant,*

                v.

PRINCE GEORGE'S COUNTY,
MARYLAND; BEN YUE, LCSWC, P.G.
County Health Department; W.
JOHNSON, Major, Shift Commander,           No. 01-1020
P.G. Department of Corrections,
                    *Defendants-Appellees,*

                and

SAMUEL F. SAXTON, Director, P.G.
Department of Corrections; AMELIA
FRANCIS, LCSWC, P.G. County
Health Department,
                    *Defendants.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-99-3101-AW)

Argued: December 4, 2001

Decided: March 22, 2002

Before WILKINS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Gregory L. Lattimer, Washington, D.C., for Appellant. William Antoine Snoddy, Associate County Attorney, Upper Marlboro, Maryland, for Appellees. **ON BRIEF:** Susan Berk, Washington, D.C., for Appellant. Gertrude C. Bartel, Laura Maroldy, KRAMON & GRAHAM, P.A., Baltimore, Maryland, for Appellee Yue.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Violet Cortez (Cortez) filed this § 1983 action in the United States District Court for the District of Maryland following the suicide death of her son, Antonio Cortez, while he was in the custody of Prince George's County as a detainee at the Prince George's County Correctional Center (the Correctional Center) in Upper Marlboro, Maryland. 42 U.S.C. § 1983. Cortez brought this action against Prince George's County, Major W. Johnson (Major Johnson), the Shift Commander at the Correctional Center at the time of Antonio Cortez's death, and three other individuals not involved in the present appeal. The district court dismissed the entire complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1367(c)(3). Cortez now appeals the district court's dismissal of three counts against Major Johnson and Prince George's County. We affirm in part, vacate in part, and remand for further proceedings.

## I.

As relevant in the present appeal, the following facts are drawn from Cortez's complaint, which facts this court must accept as true for purposes of this appeal. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

On or about October 14, 1996, at approximately 2:00 a.m., Antonio Cortez, a detainee at the Correctional Center, "was found hanging in his cell having allegedly hung himself from the top of a bunkbed by using his shoelaces." (complaint, J.A. 8). "Said incident was later ruled a suicide by the medical examiner." *Id.*

While in custody prior to his suicide, Antonio Cortez exhibited specific symptomatology that warranted full psychiatric assessment and treatment. At the same time, Antonio Cortez exhibited specific symptomatology that he would attempt suicide. Major Johnson, who was the Shift Commander at the Correctional Center at all times relevant to this case, "knowingly disregarded the clearly identifiable and known risks that [Antonio Cortez] exhibited specific symptomatology which warranted full psychiatric assessment and treatment and would attempt to commit suicide." (complaint, J.A. 7). As a result, Major Johnson refused to provide adequate treatment, care, evaluation and protection to Antonio Cortez for his specific symptomatology. "These deliberate acts and omissions resulted in [Antonio Cortez] being subjected to physical and mental pain and suffering and ultimately, . . . death . . . ." *Id.*

Prince George's County maintains a policy and custom of failing to provide detainees with adequate medical diagnosis and treatment. Prince George's County also maintains a policy and custom of failing to train correctional officials and medical providers to provide detainees such as Antonio Cortez with adequate medical and mental health screening, evaluation and follow-up. Prince George's County maintains a policy and custom of failing to provide detainees with protection from clearly identified and known risks of suicide. As a direct result of these policies and customs, Antonio Cortez suffered severe physical pain, mental anguish, fear, emotional distress, bodily injury and subsequent, eventual death.

The complaint alleges five counts against all of the defendants. The individually named defendants (Major Johnson, Ben Yue, Samuel Saxton, and Amelia Francis) were sued in their official and individual capacities. Count One alleges a Maryland state law survival claim. Count Two alleges a Maryland state law wrongful death claim. Count Three alleges a § 1983 deliberate indifference to serious medical needs claim. Count Four alleges a § 1983 deliberate indifference to a substantial risk of serious harm claim, and Count Five (misnumbered in the complaint as Count Six) alleges a claim for violation of Articles 24 and 26 of the Maryland Declaration of Rights. Cortez brought the action on behalf of herself and as the personal representative of her son's estate.

On February 10, 2000, Ben Yue filed a motion to dismiss all counts against him pursuant to Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). On April 28, 2000, the district court granted the motion without prejudice with respect to Counts Three and Four, but denied it with respect to Counts One, Two, and Five. The district court then granted Cortez leave to amend the complaint within fifteen days in order to allege specific facts against Ben Yue with respect to Counts Three and Four. Cortez never amended the complaint in this regard.

On May 30, 2000, the district court dismissed Counts Three and Four against Ben Yue *with prejudice*. The district court also dismissed all counts against Amelia Francis and Samuel Saxton on the basis that Cortez never properly served them. On June 9, 2000, Ben Yue filed a second motion to dismiss Counts One, Two, and Five, which the district court denied. On October 19, 2000, Major Johnson and Prince George's County filed a Rule 12(b)(6) motion to dismiss with respect to all counts, which the district court granted. At this time, the district court exercised its discretion under 28 U.S.C. § 1367(c)(3) to dismiss the only claims remaining in the case (Counts One, Two, and Five against Ben Yue, which alleged claims under state law) without prejudice to those claims being filed in state court.

This timely appeal followed. On appeal, Cortez only challenges the district court's dismissal of Counts Three, Four, and Five with respect to Major Johnson and Prince George's County.

## II.

A Rule 12(b)(6) motion should be granted only in limited circumstances. Specifically, such a motion "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, when as here, "a Rule 12(b)(6) motion is testing the sufficiency of a civil rights complaint, we must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief *under any legal theory which might plausibly be suggested by the facts alleged.*" *Id.* (internal quotation marks omitted). We review the district court's Rule 12(b)(6) dismissal of Counts Three, Four, and Five *de novo. Mylan Labs., Inc.*, 7 F.3d at 1134.

## III.

With these legal principles and our standard of review in mind, we first address Cortez's challenge to the district court's Rule 12(b)(6) dismissal of the § 1983 claims against Major Johnson and Prince George's County contained in Counts Three and Four. Count Three alleges deliberate indifference to Antonio Cortez's serious medical needs. Count Four alleges deliberate indifference to a substantial risk that Antonio Cortez would suffer serious harm. To the extent Cortez brought Counts Three and Four against Major Johnson in his official capacity, we treat such allegations as allegations against Prince George's County. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Edwards*, 178 F.3d at 244 & 244 n.8.

Under Federal Rule of Civil Procedure 8(a)(2) Cortez was not required to detail the facts underlying Counts Three and Four in the complaint. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998); *Jefferson v. Ambroze*, 90 F.3d 1291, 1296 (7th Cir. 1996); *see also Edwards*, 178 F.3d at 245. Rather, Rule 8(a)(2) required only that Cortez provide a short and plain statement of the claims in Counts Three and Four sufficient to give Major Johnson and Prince George's County, respectively, fair notice of what her claims in those

counts are and the grounds upon which they rest. *Edwards*, 178 F.3d at 244-45.

### A.   *Major Johnson*

Applying these pleading principles to Counts Three and Four, with respect to Major Johnson in his individual capacity, reveals that the complaint contains sufficient allegations to avoid dismissal under Rule 12(b)(6). Deliberate indifference to the serious medical needs of a pretrial detainee and/or a substantial risk of serious harm to a pretrial detainee by prison officials violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Patton v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001); *Young v. City of Mt. Ranier*, 238 F.3d 567, 575-76 (4th Cir. 2001). In the context of the present action, there is no difference in any meaningful respect between Counts Three and Four against Major Johnson. *Young*, 238 F.3d at 575. Therefore, while Counts Three and Four are technically two separate claims, we will measure them under the same standard of deliberate indifference. *Id.*

With respect to Major Johnson, deliberate indifference requires a showing (1) that Major Johnson actually knew of and disregarded Antonio Cortez's serious medical needs (Count Three) or (2) that Major Johnson actually knew of and disregarded a substantial risk of serious harm to Antonio Cortez (Count Four). *Id.* at 575-76. The following allegations in the complaint (which are either expressly stated or reasonably inferred) sufficiently allege deliberate indifference on the part of Major Johnson, such that Counts Three and Four should have survived Major Johnson's Rule 12(b)(6) motion to dismiss: (1) while Antonio Cortez was in custody prior to his suicide, he exhibited specific and clearly identifiable symptomatology that warranted full psychiatric assessment and treatment; (2) at this same time, Antonio Cortez also exhibited specific and clearly identifiable symptomatology that he would attempt suicide; (3) Major Johnson was the Shift Commander at the Correctional Center and was directly responsible for the care and safety of Antonio Cortez at all times relevant to the present action; (4) Major Johnson "knowingly disregarded the clearly identifiable and known risks that [Antonio Cortez] exhibited specific symptomatology which warranted full psychiatric assessment and treatment and would attempt to commit suicide," (complaint, J.A. 7);

(5) Major Johnson refused to provide adequate treatment, care, evaluation and protection to Antonio Cortez for his specific symptomatology; and (6) these deliberate acts and omissions resulted in Antonio Cortez being subjected to physical and mental pain and suffering and ultimately death.

The bulk of these allegations appear specifically or by reference under the headings for Counts Three and Four. However, the allegation that Major Johnson "knowingly disregarded the clearly identifiable and known risks that [Antonio Cortez] exhibited specific symptomatology which warranted full psychiatric assessment and treatment and would attempt to commit suicide" only appears in the portion of the complaint entitled "PRELIMINARY STATEMENT." *Id.*

Neither this sentence's location in the complaint, nor the complaint's failure to detail the actual symptomatology allegedly knowingly disregarded by Major Johnson required dismissal of Counts Three and Four against Major Johnson. Rule 8(f) of the Federal Rules of Civil Procedure provides that "[a]ll pleadings shall be so construed as to do substantial justice." Fed. R. Civ. P. 8(f). Giving effect to this rule requires that a complaint be judged by its substance rather than according to its form or label and, if possible, should be construed to give effect to all its averments. 5 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1286, pp. 553-556 (2d ed. 1990); *see also Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."). Moreover, as we previously stated, Cortez was not required to detail the facts underlying her complaint as long as the other allegations in the complaint put Major Johnson on fair notice of what her claims were in Counts Three and Four and on what grounds they rested.

Admittedly, the complaint in the present case is less than a model of artful drafting. Nonetheless, judging the complaint by its substance rather than form compels us to conclude that the complaint put Major Johnson on notice regarding the nature of Counts Three and Four and the grounds upon which those counts rested. In sum, we hold the dis-

trict court erred by granting Major Johnson's Rule 12(b)(6) motion to dismiss Counts Three and Four against him. Those counts state claims that Major Johnson knew of and deliberately disregarded Antonio Cortez's serious medical needs and a substantial risk of serious harm to Antonio Cortez in violation of the Fourteenth Amendment. Accordingly, we vacate the district court's dismissal of these counts and remand for further proceedings.

### B.   *Prince George's County*

We now turn to analyze the propriety of the district court's dismissal of Counts Three and Four against Prince George's County. Liability under § 1983 of a local government for a constitutional violation cannot be premised solely upon the doctrine of *respondeat superior*. *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Instead, a plaintiff seeking to impose liability under § 1983 upon a local government must identify a policy or custom of that local government that caused his injury. *Id.* at 403-04. Thus, Prince George's County cannot be held liable for the alleged unconstitutional conduct of Major Johnson simply because Major Johnson is an employee of Prince George's County. Rather, liability on the part of Prince George's County for the alleged unconstitutional conduct of Major Johnson arises only if his alleged unconstitutional conduct represented or carried out official county policy or custom. *Id.* at 404-05; *Knight v. Vernon*, 214 F.3d 544, 552 (4th Cir. 2000). A local government's failure to train its employees can result in § 1983 liability only when such failure reflects a deliberate indifference on the part of the local government to the rights of its citizens, that is, only where a failure to train reflects a deliberate or conscious choice by the local government. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Doe v. Broderick*, 225 F.3d 440, 456 (4th Cir. 2000).

At this point, we apply the previously outlined pleading principles and the substantive law regarding governmental liability under § 1983 to determine whether the complaint contains allegations sufficient to avoid Rule 12(b)(6) dismissal of Counts Three and Four against Prince George's County. We begin our analysis of this issue by reiterating our just announced holding that with respect to Counts Three and Four against Major Johnson, the complaint alleges constitutional violations by Major Johnson sufficient to avoid Rule 12(b)(6) dis-

missal. This circumstance is important because § 1983 liability cannot exist against a local government on the policy or custom theory unless an underlying constitutional violation exists which resulted from such governmental policy or custom. *S.P. v. City of Takoma Park*, 134 F.3d 260, 274 (4th Cir. 1998) (a municipality "necessarily is not liable for any alleged injuries" where "no constitutional violation occurred").

The following allegations in the complaint, when coupled with the allegations that we have already held state a constitutional claim against Major Johnson for deliberate indifference to serious medical needs (Count Three), are sufficient to avoid complete dismissal of Count Three against Prince George's County pursuant to Rule 12(b)(6): (1) Prince George's County maintains a policy and custom of failing to train correctional officials to provide inmates who exhibit obvious symptomatology of suicidal risk such as Antonio Cortez with adequate medical and mental health screening; and (2) as a direct and proximate result of this policy and custom, Antonio Cortez, prior to his death, suffered severe physical pain, mental anguish, fear, emotional distress, bodily injury and subsequent death.

Likewise, the following allegations in the complaint, when coupled with the allegations that we have already held state a constitutional claim against Major Johnson for deliberate indifference to a substantial risk of serious harm (Count Four), are sufficient to avoid complete dismissal of Count Four against Prince George's County pursuant to Rule 12(b)(6): (1) Prince George's County maintains a policy and custom of failing to provide inmates, and in particular Antonio Cortez, with protection from clearly identified and known risks of suicide; (2) Prince George's County maintains a policy and custom of failing to train correctional officials and medical providers to provide inmates, and in particular Antonio Cortez, with adequate protection from clearly identifiable and known risks of suicide attempts; and (3) as a direct and proximate result of these policies and customs, Antonio Cortez, prior to his death, suffered severe physical pain, mental anguish, fear, emotional distress, bodily injury, and subsequent death.

To the extent just specifically set forth, we vacate the district court's dismissal of Counts Three and Four against Prince George's

County and remand for further proceedings with respect to those counts.*

IV.

Cortez also challenges the district court's dismissal of Count Five which alleges that Major Johnson and Prince George's County violated Articles 24 and 26 of the Maryland Declaration of Rights. Article 24 of the Maryland Declaration of Rights provides: "[t]hat no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the land." Md. Dec. of Rights, Art. 24. Article 24 protects the same interests as the Fourteenth Amendment. *Okwa v. Harper*, 757 A.2d 118, 141 (Md. 2000). Article 26 of the Maryland Declaration of Rights provides:

> [t]hat all warrants, without oath or affirmation, to search suspected places, or to seize any person or property, are grevious [grievous] and oppressive; and all general warrants to search suspected places, or to apprehend suspected persons, without naming or describing the place, or the person in special, are illegal, and ought not to be granted.

---

*With respect to the district court's dismissal of Counts Three and Four against Prince George's County, we affirm such dismissal to the extent Counts Three and Four alleged that Prince George's County violated Antonio Cortez's constitutional rights *without alleging a policy or custom of Prince George's County that resulted in the harm alleged*. For example, the complaint alleges in Count Four that Prince George's County was deliberately indifferent to Antonio Cortez's substantial risk of serious harm by failing to properly follow-up on psychiatric referrals and evaluations. Prince George's County cannot be held liable under § 1983 in regard to this allegation for at least two reasons. First, the allegation, at most, states a negligence claim, which falls far short of the deliberate indifference standard required under § 1983 in the context of this case. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994). Second, Count Four contains no related allegation of a policy or custom of Prince George's County that resulted in the serious harm alleged, which is necessary to impose liability on Prince George's County. *Board of County Comm'rs*, 520 U.S. 403-04.

Md. Dec. of Rights, Art. 26. Article 26 protects the same interests as the Fourth Amendment to the United States Constitution. *Richardson v. McGriff*, 762 A.2d 48, 56 (2000). Under Maryland common law, an individual can bring an action for damages for violations of Articles 24 and 26. *Okwa*, 757 A.2d at 140. Notably, such actions are permissible against Maryland state officials, but Maryland does not follow the federally recognized distinction between official and individual capacity actions in such case. *Id.*

Because Article 24 protects the same interests as the Fourteenth Amendment, *Okwa*, 757 A.2d at 141, we vacate the district court's dismissal of Count Five as it pertains to Article 24 to the extent that the count parallels the allegations we held are viable in Counts Three and Four. However, we affirm the dismissal of Count Five as it pertains to Article 26, because that article pertains to illegal searches and seizures, and the complaint does not allege any illegal searches or contest the validity of Antonio Cortez's confinement.

V.

In sum, we: (1) vacate the district court's dismissal of Counts Three and Four against Major Johnson in his individual capacity and remand those counts for further proceedings; (2) vacate in part, as set forth above, the district court's dismissal of Counts Three and Four against Prince George's County and remand for further proceedings; (3) affirm in part, as set forth above, the district court's dismissal of Counts Three and Four against Prince George's County; (4) vacate in part, as set forth above, the district court's dismissal of Count Five against Major Johnson and Prince George's County and remand for further proceedings; and (5) affirm in part, as set forth above, the district court's dismissal of Count Five against Major Johnson and Prince George's County.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*