Barbara Jacobs **GONZALEZ**, et al.

v.

**CECIL COUNTY, MARYLAND**, et al.

**No. CIV.A. WMN–01–2537.**

United States District Court, D. Maryland.

June 4, 2002.

Peter A. Wimbrow, III, Ocean City, MD, Michael O. Hayer, Crawford Wilson Ryan PC, West Chester, PA, for Plaintiffs.

Daniel Karp, Allen Karpinski Bryant and Karp PA, Michael J. Baxter, Jonathan Eric Goldberg, Baxter Baker Sidle Conn and Jones, Baltimore, MD, for Defendants.

### MEMORANDUM

NICKERSON, District Judge.

Before the Court are motions to dismiss filed by all of the defendants in this action. Paper Nos. 3, 7, 13. The motions are ripe for the Court's consideration. Upon a review of the motions and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that all claims against Sheriff Kennedy will be dismissed, as will the state constitutional claims against all Defendants.

## I. FACTUAL BACKGROUND

This case arises out of the death of Jose Louis Gonzalez on August 29, 1998. At the time of his death, Mr. Gonzalez was being held at the Cecil County Detention Center (CCDC). The facts as alleged in the Complaint are as follows.

On August 27, 1998, Mr. Gonzalez was arrested for driving on a suspended operator's license. Because bail was set at an amount beyond his financial resources, he was transported to CCDC and arrived there at approximately 5:00 in the evening. Shortly thereafter, during CCDC's standard medical screening of arriving detainees, Mr. Gonzalez identified himself as a heroin user, who would likely undergo the symptoms and complications of heroin withdrawal.

Mr. Gonzalez was then assigned and taken to a cell in the Central Booking Section of the facility. When he arrived at the cell, he told Defendants Regina Scott, Kathy Scott, and Sharon Saponaro, three nurses employed by Cecil County (the Nurse Defendants), that he was a heroin addict, likely to undergo acute heroin withdrawal symptoms. The only treatment provided to Mr. Gonzalez at this time was to be placed on a twice-per-day administration schedule for Clonidine, a blood pressure medication.

According to the Complaint, throughout the night of August 27 and all the next day, Mr. Gonzalez was violently ill and progressed to acute pulmonary distress, disease, and pneumonia. He complained to the three Nurse Defendants, but was given no further treatment, other than the administration of an over-the-counter stomach remedy, Kaopectate. Mr. Gonzalez was found in his cell, unresponsive, at 10:20 on the morning of August 29, 1998. He was pronounced dead twenty minutes later and his remains were transferred to a nearby hospital, where an autopsy was performed. The autopsy revealed that he died from "pneumonia, complicating narcotics abuse." Complaint at ¶ 33.

Mr. Gonzalez's widow brought this action on her own behalf, as the administratrix of her late husband's estate, and as the mother and best friend of Mr. Gonzalez's six minor children. As defendants, she has named: Cecil County, Maryland; the three Nurse Defendants; Dr. Thomas Biondo, the physician on duty at CCDC and under whose direction and control the Nurse Defendants allegedly operated; and, William Kennedy, individually and in his official capacity as Sheriff of Cecil County, Maryland. The Complaint contains six counts:

Count I—42 U.S.C. § 1983, against the Nurse Defendants and Biondo;

Count II—Violation of Maryland Declaration of Rights, against the Nurse Defendants and Biondo;

Count III—42 U.S.C. § 1983, against Cecil County and Sheriff Kennedy;

Count IV—Violation of Maryland Declaration of Rights against Cecil County and Sheriff Kennedy;

Count V—Medical Malpractice, against Biondo; and

Count VI—Loss of Consortium, against all Defendants.

The Nurse Defendants, the County, and Sheriff Kennedy have moved to dismiss all counts against them. Dr. Biondo has moved to dismiss Counts I and II.

## II. STANDARD FOR MOTION TO DISMISS

When reviewing a 12(b)(6) motion to dismiss, the court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir.1999). The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## III. DISCUSSION

### A. Sheriff Kennedy

Among the numerous grounds Sheriff Kennedy raises for dismissing the claims against him is the fact that he was not the Sheriff during the pertinent time period. He was not elected to the office of Sheriff until November 1998. Plaintiffs concede that they cannot state a claim against Sheriff Kennedy and the claims against him will be dismissed, accordingly.[1]

### B. The County Defendants

### 1. Violation of Maryland Declaration of Rights

The County, the Nurse Defendants, and Dr. Biondo, have moved to dismiss the claims brought against them under the Maryland Declaration of Rights on the ground that Plaintiffs failed to provide adequate notice to the County under the Local Government Tort Claims Act (LGTCA). Under this statute, "an action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury." Md.Code Ann., Cts. & Jud. Proc. § 5–304. Under the portion of the statute applicable to Cecil County and its employees, notice must be given "in person or by certified mail, return receipt requested, bearing a postmark from the United States Postal Service, by the claimant or representative of the claimant, to the county commissioner, county council, or corporate authorities of a defendant local government." *Id.* § 5–304(b). This notice is a "condition precedent to the right to maintain an action for damages and compliance with the notice provision should be alleged in the complaint as a substantive element of the cause of action." *Curtis v. Pracht*, 202 F.Supp.2d. 406 (D.Md.2002) (citing *Madore v. Baltimore Co.*, 34 Md.App. 340, 344, 367 A.2d 54 (1976)).

In their Complaint, Plaintiffs do not allege compliance with the notice requirements of the LGTCA. In opposing the motions to dismiss, however, Plaintiffs have submitted as evidence of their compliance copies of letters sent by Plaintiffs' counsel *to CCDC and Nurse Scott* on De-

---

1. Plaintiffs indicated in their pleadings that they intended to move to bring in as a defendant the individual who apparently was the Sheriff during the relevant time period, William Killough. They have yet to do so, however.

cember 11, 1998. *See* Exhs. A and B to Pls.' Opp. to Nurse Defendants' Motion. Both letters state that they are intended to "provid[e] revised notice pursuant to [§ 5–304] concerning unliquidated damages that may be due from Cecil County, Cecil County Detention Center, and/or its employees, agents, or contractors." *Id.*

The letters sent to CCDC and Nurse Scott obviously do not strictly comply with the requirements of the LGTCA as they were not sent to the appropriate party identified in the statute. Nor do they constitute substantial compliance. Courts have consistently held that, "giving notification of the plaintiff's claims to the alleged tortfeasor county agency alone does not substantially comply with the notice requirement." *Isley v. Prince George's County*, 2001 WL 589994 at *2 (D.Md. June 1, 2001); *see also, Curtis*, at 414 (notice to chief of police department is not substantial compliance with notice requirements as it does not apprise the proper officials that plaintiffs are pursuing a claim); *Bibum v. Prince George's County*, 85 F.Supp.2d 557, 564 (D.Md.2000)(holding that complaint form sent to police depart-ment did not substantially comply with notice requirements).[2]

■ The notice requirements of the LGTCA can be waived under certain circumstances. The statute provides,

Notwithstanding the other provisions of this section, unless the defendant can affirmatively show that its defense has been prejudiced by lack of required notice, *upon motion and for good cause shown,* the court may entertain the suit even though the required notice was not given.

Md.Code. Ann., Cts. & Jud. Proc. § 5–304(c)(emphasis added). Because Plaintiffs steadfastly maintain that the December 11, 1998 letters to CCDC and Defendant Scott provided the requisite notice, they have neither filed a motion for waiver[3] nor argued good cause to justify their failure to comply. Thus, the Court cannot find that the notice requirement has been waived. Accordingly, the state constitutional claims must be dismissed. *See Thomas v. City of Annapolis*, 113 Md.App. 440, 457, 688 A.2d 448 (holding that the LGTCA "applies to all torts without dis-

---

2. Attached to a "Supplemental Response," Paper No. 11, Plaintiffs have submitted two letters sent by Cecil County Administrators to Plaintiffs' counsel that Plaintiffs assert "clearly show the Cecil County Government received written notice showing substantial compliance with the Notification Statute." Paper No. 11 at 1. The first letter, dated October 19, 1998, merely states,

In response to your letter of October 15 requesting certain contractual agreements, enclosed please find an Information Request Form.
Paper No. 11, Exh. B.
The Second letter, dated March 4, 1999, states,
In response to your request of March 2, please be advised that the doctor and part-time nurse at the Detention Center are independent contractors. The full-time nurses are County employees.
Paper No. 11, Exh. A.

While these letters reveal that Plaintiffs' counsel made some inquiries of the County Administrator's Office, and provide some clues as to the nature of those inquiries, the Court cannot conclude from the County Administrators' responses that Plaintiffs gave adequate notice.

3. It seems unlikely that Plaintiffs would be able to prevail on such a motion. *See Isley*, 2001 WL 589994 at *3 ("Absent a showing of any circumstances preventing him from providing the county attorney with the requisite notice, the Court finds no good cause to waive compliance with the statutory requirements of § 5–304.")
The Court also notes that, as the burden to show prejudice does not arise until Plaintiffs establish good cause, the Court need not consider whether Defendants have been prejudiced by the lack of proper notice. *See Martino v. Bell*, 40 F.Supp.2d 719, 720 (D.Md. 1999).

tinction, including intentional and constitutional torts").[4]

### 2. Section 1983 Claims

■ It is well established that deliberate indifference to the serious medical needs of a pretrial detainee and/or a substantial risk of serious harm to a pre-trial detainee by prison officials violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Thompson v. Worch,* 6 Fed. Appx. 614 (9th Cir.2001); *Garcia v. Salt Lake County,* 768 F.2d 303, 307 (10th Cir. 1985); *El–Uri v. City of Chicago,* 186 F.Supp.2d 844 (N.D.Ill.2002); *Bowman v. Campbell,* 850 F.Supp. 144 (N.D.N.Y. 1994); *see also, Young v. City of Mt. Ranier,* 238 F.3d 567, 575–76 (4th Cir.2001). "[D]eliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan,* 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. *Id.* at 837, 114 S.Ct. 1970; *Rish v. Johnson,* 131 F.3d 1092, 1096 (4th Cir.1997).

■ As to the § 1983 claims against the Nurse Defendants, Plaintiffs have alleged that Mr. Gonzalez told them that he was a heroin addict and that he was likely to experience acute withdrawal symptoms. Complaint, Count I at ¶¶ 11, 18. Plaintiffs also allege that "acute pulmonary distress, disease and pneumonia" are among the "well-known medical complications suffered by heroin users during heroin withdrawal." *Id.* at ¶ 15. From these allega-tions, and from the fact that Mr. Gonzalez died as a result of those acute symptoms, one can infer, at least at this stage of the litigation, that heroin withdrawal presents a "serious medical need."

■ One can also infer from the allegations in the Complaint that the treatment that the Nurses provided to Mr. Gonzalez for this serious medical need was so woefully inadequate as to suggest deliberate indifference. Defendants appear to argue that because Mr. Gonzalez received some minimal treatment, *i.e.,* the administration of the blood pressure medication and the over-the-counter stomach remedy, their conduct cannot be deemed deliberately indifferent. *See* Nurse Defendants' Mot. at 6–7. The Fourth Circuit's decision in *Miltier v. Beorn,* 896 F.2d 848 (4th Cir.1990), however, makes clear that rendering inappropriate treatment can be considered deliberate indifference, just as can be rendering no care at all. *Id.* at 852–53.

■ In the alternative, the Nurse Defendants assert that they are entitled to the defense of qualified immunity. Under the doctrine of qualified immunity, government officials performing discretionary functions are not liable for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The purpose of qualified immunity is to ensure that government officials "reasonably can anticipate when their conduct may give rise to liability by attaching liability only if '[t]he contours of the right [violated are] sufficiently clear that a reasonable official would understand that what he is doing violates

---

4. It would appear that the medical malpractice claim against Dr. Biondo and the loss of consortium claims against all defendants, as common law tort claims, would also be barred by Plaintiffs' failure to provide notice under the LGTCA. As the Defendants have not moved to dismiss those claims, however, the Court does not resolve that issue here.

that right[.]'" *Solis v. Prince George's County,* 153 F.Supp.2d 793, 800 (D.Md. 2001) (quoting *United States v. Lanier,* 520 U.S. 259, 270, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997)).

■ As stated above, the right of a pretrial detainee to adequate treatment of a serious medical need has been well established. Defendants make no argument to the contrary. What they appear to argue is that they are entitled to immunity because, in failing to adequately treat Mr. Gonzalez, they "simply ... acted in conformity with the County's established protocol." Nurses' Motion at 7. Not surprisingly, the Nurse Defendants point to no authority for the proposition that an individual is entitled to qualified immunity where they are "just following orders." Indeed, for there to be a finding of municipal liability based upon an unconstitutional policy or custom, there must first be a finding of liability for the individual who followed that policy or custom. *See Marryshow v. Town of Bladensburg,* 139 F.R.D. 318, 319 (D.Md.1991)(noting that, to hold a municipality liable under § 1983, plaintiff must first establish that at least one individual defendant violated his constitutional rights).

For these reasons, the § 1983 claims against the Nurse Defendants will not be dismissed at this time.

■ The Court also concludes that it is premature to dismiss the § 1983 claims against Dr. Biondo. Plaintiffs have alleged that he was the physician on duty, with supervisory authority over the delivery of medical care in CCDC and that he failed to establish appropriate protocols for evaluation and treatment of physically ill prisoners. Complaint, Count V at ¶¶ 4, 6J. Plaintiffs also allege, specifically, that the Nurse Defendants acted under the control and direction of Dr. Biondo in the manner in which they rendered care to Mr. Gonzalez. Complaint, Count 1 at ¶¶ 25, 26. At this stage of the litigation, these allegations are sufficient to raise an inference of deliberate indifference on the part of Dr. Biondo as well, either because he was directly involved in rendering care to Mr. Gonzalez, or because he was responsible for the policy that caused Mr. Gonzalez's death.

■■ As to the claim against the County under § 1983, there is no dispute that liability cannot be premised upon the doctrine of respondeat superior. *Monell v. Dept. of Social Services of N.Y.C.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, liability can only be imposed based upon the identification of a policy or custom of the County that caused Plaintiff's injury. Here, Plaintiffs have alleged that, at the time of Mr. Gonzalez's incarceration, Cecil County "had established a policy and procedure of refusing to provide appropriate medications to prisoners undergoing narcotics withdrawal." Complaint, Count I at ¶ 23. Coupled with the allegations that heroin withdrawal can result in acute complications, and that heroin addiction is commonplace in prison populations, *id.* at ¶¶ 13, 14, this policy of refusing meaningful treatment could lead to an inference of deliberate indifference on the part of the County. *See, Cortez v. Prince George's County,* 31 Fed.Appx. 123 (4th Cir.2002)(vacating district court's dismissal of § 1983 claim against county where complaint alleged county maintained policy and custom of failing to train correctional officials to provide adequate medical and mental health screening to inmates exhibiting obvious symptomatology of suicidal risk).

## IV. CONCLUSION

For the reasons stated above, the Court will grant Defendants' motions to dismiss as to claims for violation of the Maryland Declarations of Rights, but will deny the motions as to Plaintiffs' § 1983 claims. All

of the claims against Sheriff Kennedy will be dismissed. A separate order will issue.

## ORDER

In accordance with the foregoing Memorandum and for the reasons stated therein, IT IS this     day of May, 2002, by the United States District Court for the District of Maryland, ORDERED:

1. That the Motion to Dismiss filed by Defendant Cecil County and Sheriff Kennedy, Paper No. 3, is granted in part and denied in part, in that all claims against Sheriff Kennedy and Count IV against the County, will be dismissed;

2. That the Motion to Dismiss filed by the Nurse Defendants, Paper No. 7, is granted in part and denied in part, in that Count II against them will be dismissed;

3. That the Motion to Dismiss filed by Dr. Biondo, Paper No. 13, is granted in part and denied in part, in that Count II against Dr. Biondo will be dismissed; and

4. That the Clerk of the Court shall mail or transmit copies of the foregoing Memorandum and this Order to all counsel of record.